UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

THOMAS H. MORSE AND
JUNE MORSE,
                Plaintiffs,

-vs-                                          CASE NO.

SOUND MARINE ELECTRONICS, INC.
                Defendant.

## COMPLAINT FOR DECLARATORY RELIEF

COMES NOW the Plaintiff, Tom Morse, by and through his undersigned counsel and pursuant to the Federal Rules of Civil Procedure, who does hereby file this, his Complaint for declaratory Relief, and in support thereof does state:

1. This is an action to declare invalid a maritime lien.

2. The Court has jurisdiction pursuant to 28 U.S.C. 1333 (Admiralty Jurisdiction) and 46 U.S.C. 31343 which states that "The district courts of the United States shall have jurisdiction over a civil action in Admiralty to declare that a vessel is not subject to a lien claimed under subsection (b) of this section, or that the vessel is not subject to the notice of claim of lien, or both, regardless of the amount in controversy or the citizenship of the parties."

3. The Plaintiffs reside within the Middle District of Florida.

4. The Plaintiffs are the owners of Silver Lining, a MV identified by the official number 679295 (the "Vessel").

1

5.   The Vessel is currently located within the territorial jurisdiction of the Middle District of Florida.

6.   Venue is appropriate in the Middle District of Florida because that is the location in which the vessel is located. 46 U.S.C. 31343 ("Venue in such an action shall be in the district where the vessel is found or where the claimant resides or where the notice of claim of lien is recorded").

7.   Sound Marine Electronics, Inc. (the "Defendant") is a dissolved Washington corporation. The Defendant has been dissolved since December 14, 1987. See Exhibit A. The Defendant has not recorded with the Washington Secretary of State any document which identifies any director, executive or service agent subsequent to the date of dissolution.

8.   On June 10, 1985 the Defendant recorded a maritime lien against the Vessel in the amount of $1,470.63. See Abstract of Title, Exhibit B.

9.   The lien expired on June 10, 1988 per the terms of 46 U.S.C. 31343 (e) which states that "A notice of claim of lien recorded under subsection (b) of this section shall expire 3 years after the date the lien was established, as such date is stated in the notice under subsection (a) of this section."

10.   In addition, enforcement of the lien is barred by the doctrine of laches.

11.   The Defendant has delayed prosecuting the lien for an unreasonable period of time (over 25 years).

12.   The Plaintiff has attempted to locate the Defendant to satisfy the lien, but because the Defendant has been dissolved since 1987 the Plaintiff has been unable to contact any representative of the defendant to satisfy the lien.

13. The Plaintiffs are prejudiced by the Defendant's failure to prosecute the lien in that:

a. they purchased the vessel with no knowledge of the lien's existence, and

b. because the Defendant has been dissolved since 1988 the Plaintiffs are unable to satisfy the lien through payment.

WHEREFORE, the Plaintiffs respectfully request that the Court enter a judgment finding that the lien claimed by Sound Marine Electronics, Inc. in the amount of $1,470.63 dated June 10, 1985 is invalid, unenforceable, and is extinguished per the date of the Court's Order.

Respectfully Submitted this _1st_ day of October, 2010

NELSON HESSE LLP
2070 Ringling Boulevard
Sarasota, Florida 34237
(941) 366-7550
(941) 955-3708 Fax
Attorneys for Plaintiffs

By: _____
Daniel Guarnieri
Florida Bar No. 0914401